Argued and submitted August 16, reversed and remanded December 11, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EVERETT JEREMY GATTENBY,
*Defendant-Appellant.*

Marion County Circuit Court
17CR35313; A167048

455 P3d 582

Defendant appeals a judgment of conviction for driving under the influence of intoxicants and refusal to take a test for intoxicants. Defendant appeals following his conditional guilty plea. Defendant assigns error to the trial court's denial of his pretrial motion to suppress evidence resulting from a traffic stop. Defendant asserts that, because the officer did not have reasonable suspicion that defendant had committed a crime, the stop was unlawful under Article I, section 9, of the Oregon Constitution. *Held*: The trial court erred in denying defendant's motion to suppress because the facts known to the officer at the time of the stop were insufficient to support a reasonable suspicion that defendant had committed a crime.

Reversed and remanded.

Susan M. Tripp, Judge.

Anna Belais, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Paul L. Smith, Deputy Solicitor General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

SHORR, J.

Reversed and remanded.

**SHORR, J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants, ORS 813.010, and refusal to take a test for intoxicants, ORS 813.095. Defendant assigns error to the trial court's denial of his pretrial motion to suppress evidence resulting from a traffic stop. We conclude that the court's ruling was erroneous because the stop from which the state obtained the evidence was not based on a reasonable suspicion that defendant had committed a crime. Accordingly, we reverse and remand.

We accept the trial court's factual findings that are supported by evidence in the record. *State v. Vasquez-Villagomez*, 346 Or 12, 23, 203 P3d 193 (2009). Further, "[i]n the absence of express factual findings, we presume that the trial court decided the disputed facts in keeping with its ultimate conclusion." *State v. Garcia*, 276 Or App 838, 839, 370 P3d 512 (2016). The following facts are stated consistently with that standard.

Late at night on January 28, 2017, Officer Jason Conwell received a dispatch from the Salem Police Department telling him that a named 9-1-1 caller reported that there was a woman "screaming and saying she was choked out" and that there was a man walking away from a crowd gathering around the woman. The caller had not "seen anything physical," and he did not know the woman or the man. But the caller reported that the man was driving south on Commercial Street in a red Ford car, and he reported the car's license plate number. Conwell looked up the car's information to discover its registered owners, one of which was defendant. Soon after, defendant drove by Conwell in a red Ford car matching the caller's description. After confirming that the license plate number matched as well, Conwell pulled defendant over. Based on evidence discovered during that stop, Conwell arrested defendant. Defendant was charged with driving under the influence of intoxicants, ORS 813.010, refusal to take a test for intoxicants, ORS 813.095, and harassment, ORS 166.065.

In a pretrial hearing, defendant moved to suppress all evidence obtained during the stop, contending that the stop was not supported by reasonable suspicion and,

therefore, was in violation of Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. Defendant argued that the caller's report did not provide information from which Conwell could reasonably suspect that defendant had committed any crime.

The trial court denied the motion, concluding that Conwell had reasonable suspicion to believe that defendant had committed a crime. Defendant then entered a conditional guilty plea to driving under the influence of intoxicants, ORS 813.010, and refusal to take a test for intoxicants, ORS 813.095, reserving his right to appeal the trial court's denial of his motion to suppress.

On appeal, defendant assigns error to the trial court's denial of his motion to suppress. He contends that the court erred in concluding that Conwell had reasonable suspicion to stop him. Specifically, defendant argues that the facts known to Conwell at the time of the stop were insufficient to support a reasonable suspicion that defendant had committed a crime or even that a crime had been committed in the first place. In response, the state contends that the facts reported by the caller were sufficient to support a reasonable suspicion that defendant had committed a crime and, alternatively, that the stop was justified on other grounds because Conwell reasonably believed that defendant was a material witness to a crime.[1] We review the trial court's decision to deny defendant's suppression motion for legal error. *Vasquez-Villagomez*, 346 Or at 23.

Article I, section 9, prohibits "unreasonable" searches and seizures. Under Article I, section 9, a "stop" is a "kind of

---

[1] The state also argues that the caller's report contains indicia of reliability under our three-part analysis for determining whether a citizen-informant's report, standing on its own, is sufficiently reliable to support reasonable suspicion. *See generally State v. Villegas-Varela*, 132 Or App 112, 115, 887 P2d 809 (1994) (stating the three-part analysis to determine the reliability of a citizen-informant's report). Defendant does not substantively dispute this point on appeal, and the questions presented by defendant's appeal can be resolved assuming that the standard for reliability in *Villegas-Varela* has been met. Therefore, we assume without deciding that Conwell could form his suspicions based on the facts reported by a presumably reliable caller. The issue in this case is whether those facts, assuming their reliability, can meet the reasonable suspicion standard.

seizure of a person that is a temporary detention for investigatory purposes." *State v. Maciel-Figueroa*, 361 Or 163, 169-70, 389 P3d 1121 (2017). An officer may lawfully stop a person if the stop is supported by "reasonable suspicion." *Id.* at 170. As the Supreme Court has explained:

> "For police officers to make a stop, they must reasonably suspect—based on specific and articulable facts—that the person committed a specific crime or type of crime or was about to commit a specific crime or type of crime. For a court to determine that an investigative stop was lawful under Article I, section 9, the court (1) must find that the officers actually suspected that the stopped person had committed a specific crime or type of crime, or was about to commit a specific crime or type of crime, and (2) must conclude, based on the record, that the officers' subjective belief—their suspicion—was objectively reasonable under the totality of the circumstances existing at the time of the stop."

*Id.* at 182. Reasonable suspicion "is a relatively low barrier." *State v. Jones*, 245 Or App 186, 192, 263 P3d 344 (2011), *rev den*, 354 Or 838 (2014). It is a "less demanding standard than probable cause." *State v. Brown*, 298 Or App 771, 775, 446 P3d 568 (2019).

For the reasons that follow, we conclude that the trial court erred in denying defendant's motion to suppress, because the facts to which Conwell pointed supported a reasonable suspicion that a crime had been committed but did not support a reasonable suspicion that defendant had committed the suspected crime.

We first address whether Conwell had reasonable suspicion to believe that a crime had occurred. Defendant argues that, because the caller had not actually "seen anything physical" and because officers had not yet arrived on scene to corroborate the woman's allegation, it was unreasonable for Conwell to suspect that a crime had occurred at all. But the facts to which an officer points do not need to conclusively prove illegal activity. *State v. Bond*, 189 Or App 198, 203, 74 P3d 1132 (2003), *rev den*, 336 Or 376 (2004). An officer's suspicion that a crime has been committed can be reasonable even though the officer's suspicion could be

wrong or there are possible noncriminal explanations for the facts observed. *Id.*

Here, Conwell's suspicion that a crime had been committed was reasonable. The caller reported a woman screaming and alleging that she had just been "choked out." Even though the veracity of the woman's allegations had not been confirmed, Conwell could reasonably suspect a crime had been committed despite the possibility of an alternative, noncriminal explanation for the facts known to him at the time of the stop.

In support of his argument, defendant relies heavily on *Maciel-Figueroa*, 361 Or 163. In that case, the officers suspected that "general 'criminal activity'" could have occurred. *Id.* at 181. Their suspicion was based on a report that someone had been "yelling and threatening to break things" inside a house. *Id.* at 166-67. At the pretrial hearing, the officers did not point to any specific and articulable facts to support the inference that the defendant had actually broken anything or that he may have harmed another person's property or harmed or threatened to harm another person. *Id.* at 185. In other words, the facts known to the officers at the time of the stop were insufficient to support a reasonable suspicion that a crime had been committed at all, as evidenced by the officers' inability to point to a specific crime or type of crime that they suspected the defendant to have committed. The court concluded that there were not "sufficient specific and articulable facts *** that would support an inference that defendant had committed a crime." *Id.* at 186.

Here, unlike in *Maciel-Figueroa*, Conwell could, and did, point to a specific crime that he suspected defendant had committed. Indeed, Conwell testified that he believed that the crime of strangulation had occurred based on the caller's report of a woman yelling and saying that she had just been "choked out."

Nevertheless, we conclude that the motion to suppress should have been granted here, because Conwell did not have reasonable suspicion that defendant had committed the suspected crime. That is so because Conwell did not

point to any specific and articulable facts that supported a reasonable inference that defendant was the person who had purportedly "choked out" the woman. An officer cannot infer that a person has committed a crime from behavior that is "not too remarkable." *Cf. State v. Valdez*, 277 Or 621, 628, 561 P2d 1006 (1977) (concluding that an officer's observation of "persons who 'didn't look right' putting a paper bag into the trunk of an automobile" was insufficient to support reasonable suspicion that a crime had occurred).

Here, Conwell testified that he suspected defendant had committed the alleged crime because the 9-1-1 caller reported seeing defendant walking away from a "crowd" of people gathered at the scene and getting into a car. Walking away from a crowd gathered around a scene and getting into a car is "not too remarkable." Significantly, the 9-1-1 caller never reported having seen defendant choking or even touching the woman who yelled that she had been "choked out." The caller, in fact, reported that he had not "seen anything physical." Conwell testified that he "reasonably believed that our caller would not report a single male getting into the driver's seat of a certain vehicle with a plate number unless he was somehow involved, *i.e.*, as a witness [who] walked out of wherever this choking may have occurred or somehow associated with it." But that supposition regarding the caller's intentions does not provide specific and articulable facts giving rise to the reasonable inference that defendant had committed a crime. It does not rely on any specific fact observed by the caller about defendant's conduct save the fact that the caller observed defendant walking away—not even running—from a crowded scene.

The caller further reported that defendant drove away from the scene. The caller described defendant's vehicle and provided its license plate number. He also reported the street name and the direction in which defendant was driving. That information helped Conwell locate defendant to stop him. But that information also did not give rise to a reasonable inference that defendant had committed a crime. As noted, Conwell inferred that the caller would not have given the identifying information about defendant and his vehicle unless the caller suspected defendant had committed the crime that the caller was reporting. Even if it were

reasonable for Conwell to infer that the caller suspected defendant had committed the crime, it would still be unreasonable for Conwell to assume that the caller's suspicion was reasonable without any specific and articulable facts from the caller, which are absent from the record. Therefore, the trial court's conclusion that Conwell had reasonable suspicion to stop defendant was erroneous.

Finally, and for the first time on appeal, the state argues that, even without any reasonable suspicion that defendant had committed a crime, we should affirm the trial court's ruling on the alternative basis that Conwell could stop defendant because Conwell reasonably believed that defendant was a potential material witness to a crime. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (explaining factors for an alternative basis for affirmance). The state relies on *State v. Fair*, 353 Or 588, 609, 302 P3d 417 (2013), which articulated the constitutional requirements for the "stop and temporary on-the-scene detention of a likely material witness." We note that, here, Conwell stopped defendant away from the scene of the crime.

We decline to reach the state's alternative argument for affirmance because we conclude that defendant might have developed a different record in the trial court had the state either raised *Fair* specifically or argued more generally that the state could temporarily detain defendant as a likely material witness to the choking incident. In *Fair*, the Supreme Court concluded that a

> "stop and temporary on-the-scene detention of a likely material witness will be constitutional if: (1) the officer reasonably believes that an offense involving danger of forcible injury to a person recently has been committed nearby; (2) the officer reasonably believes that the person has knowledge that may aid the investigation of the suspected crime; and (3) the detention is reasonably necessary to obtain or verify the identity of the person, or to obtain an account of the crime."

*Id*. The court noted that it did not "foreclose refinement" of those factors "in future cases involving other factual circumstances." *Id*. Here, the state's argument calls for a

possible extension of *Fair* beyond "on-the-scene" temporary detentions to a stop that occurred away from the scene. The state's argument under *Fair* raises a number of issues that may have caused defendant to create a different record in the trial court. Had the issue been raised below, defendant may have sought to establish whether Conway had effectively already obtained defendant's identity before the stop by at least confirming the license plate of the car that left the scene; whether other witnesses at the scene had been interviewed to identify the alleged perpetrator or the facts of the incident; and whether the officer could reasonably contact and interview defendant through other means to obtain an account of the suspected crime without stopping defendant's car away from the scene. We do not conclude whether the answers to these questions would have been conclusive either way, but, at a minimum, they would have informed the analysis regarding whether to extend the rule in *Fair*. We therefore decline to reach the issue because defendant "might have created a *different* record below had [the state] raised that issue." *Outdoor Media Dimensions Inc.*, 331 Or at 660 (emphasis in original).

In sum, even though Conwell reasonably suspected that a crime had occurred, he did not have reasonable suspicion that defendant had committed the suspected crime. Therefore, the trial court erred in denying defendant's motion to suppress.[2]

Reversed and remanded.

---

[2] Because defendant's appeal arises following his conditional guilty plea that was entered after the trial court denied his motion to suppress, we do not need to engage in a harmless-error analysis. *State v. Leach*, 294 Or App 639, 646, 432 P3d 310 (2018).